## George L. Sims v. The State.

1. **Evidence.** — To test the credit of a witness, it is not permissible to cross-examine him on collateral matters merely for the purpose of contradicting his reply by other witnesses.

2. **Same.** — In order to show bias in a witness, he may be interrogated as to the state of his feelings towards a party, but it is not allowable to inquire into the cause of his enmity.

3. **Assault with Intent to Murder — Charge of the Court.** — In a trial for an assault with intent to murder, it was not incumbent on the court to charge the law of aggravated and simple assault when, under the evidence, the accused was either entirely innocent of any offense or else was guilty of an assault with intent to murder.

4. **Same.** — Law not applicable to any legitimate deduction from the evidence should not be given in charge to the jury, because calculated to mislead them.

APPEAL from the District Court of Caldwell. Tried below before the Hon. L. W. Moore.

Fartheree and another witness for the State testified very positively that, about dark on the evening of January 6, 1877, as they and two neighbors were on their road home, they were overtaken by the appellant and some companions, and that the appellant drew out a pistol and fired it at Fartheree, and then snapped it at him twice. No motive or provocation for the assault is shown by the evidence.

For the defense, two witnesses testified strongly to an *alibi*.

J. H. Burts, for the appellant, to show the competency of the excluded evidence, cited Wells v. Fairbanks, 5 Texas, 584; Roscoe's Cr. Ev. 96; and 1 Greenl. on Ev., secs. 450, 459.

George McCormick, Assistant Attorney-General, for the State.

Ector, P. J. We do not think the court erred in excluding from the jury the testimony offered by the defendant, as shown by his first and second bills of exceptions. The appellant was indicted and convicted for an assault with intent to murder one L. B. Fartheree, and his punishment was assessed at two years' confinement in the penitentiary.

The testimony offered by appellant, and rejected by the court, could only serve to bring outside, irrelevant, and collateral matters before the jury, and was clearly inadmissible. The error in admitting such evidence is obvious. Whenever a man's life or liberty depends upon the testimony of another, it is of infinite importance that the jury should know how far the witness is to be trusted. To ascertain this fact, various modes are laid down in the rules of evidence by which his credit may be impeached.

The rule in such cases is that, upon cross-examination to try the credit of a witness, only general questions can be put, and he cannot be asked as to any collateral and independent fact merely with a view to contradict him afterwards by calling another witness. The danger of such practice is obvious, besides the inconvenience of trying as many collateral issues as one of the parties might choose to introduce, and which the other could not be prepared to meet.

A witness may be interrogated as to the state of his feelings towards a party, in order to show the bias under which he testifies; it is not admissible, however, to inquire into the cause of his hostility. See *Bishop* v. *The State,* 9 Ga. 121.

The witness Fartheree could not be compelled to answer whether or no, "prior to the trial, witness went with a crowd of men to Seguin to mob certain parties under arrest in the custody of the law, and that defendant was cognizant of the acts of said witness and said other parties on their said trip to Seguin." If it were admissible in this manner

to inquire as to independent or isolated facts, then the question is altogether too indefinite. We have examined with care the authorities cited by the able counsel for the defendant, in his brief, in support of his first and second assignments of error. They fail to satisfy us that, under the law, the defendant had the right to have submitted to the jury the evidence which the court excluded.

There was a conflict in the evidence. The district judge before whom the case was tried was better prepared than the Court of Appeals to weigh the testimony of the respective witnesses. He had them before him; had the opportunity of observing their manner on the stand and their apparent intelligence. This court has only seen their evidence in writing. If the evidence introduced on the part of the prosecution is true, then the defendant is guilty as charged. The defense of *alibi* was interposed. If the evidence of defendant in support of this defense is true, then the testimony of the defendant establishes the *alibi*. The district judge and the jury evidently believed the evidence introduced by the prosecution, and did not credit that submitted by the defense. We cannot say that the verdict returned in this case is contrary to the law and the evidence, or that the judgment is not warranted by the evidence.

The fifth assignment of error is not well taken. The district judge, in his charge to the jury, gave the law applicable to the facts of the case. He did not instruct the jury as to the law applicable to aggravated and simple assaults. There was no testimony which rendered such a charge necessary. The defendant, under the evidence, was guilty of an assault with intent to murder, or he was guilty of no offense. This being the case, if the charge of the court sufficiently instructed the jury as to the law applicable to this offense, it was not necessary that the charge should contain the law applicable to the other grades of

Syllabus.

offense embraced in the indictment, to wit, aggravated and simple assaults. The law applicable to less degrees of the offense charged in the indictment should not be given unless the evidence requires it. Other law than that applicable to the legitimate deductions from the evidence should not be given in the charge, because such additional instructions would be calculated to mislead the jury.

The court charged the jury generally with reference to the offense in a manner unobjectionable, and *directly in reference to the law of the case as presented by the evidence;* and it was not error to refuse to give any further charge tending to palliate the offense.

Believing, as we do, that there is no error in the verdict and judgment in this cause, and that they are in accordance with the law and the evidence, the judgment of the lower court is affirmed.

*Affirmed.*